IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

OHIO CASUALTY INSURANCE COMPANY                                    PLAINTIFF

V.                              Case No. 02-CV-4064

UNION PACIFIC RAILROAD COMPANY;
LORI ALLENBRAND; and TRI-STATE
CONTROL, INC.
DEFENDANTS

UNION PACIFIC RAILROAD COMPANY                          THIRD-PARTY PLAINTIFF

V.

CROWLEY INSURANCE, INC.;
TWIN CITY FIRE INSURANCE
COMPANY; and CASUALTY
INSURANCE COMPANY                                       THIRD-PARTY DEFENDANTS

## ORDER

Before the Court is Union Pacific Railroad Company's ("Union Pacific") Motion for Entry of Judgment and Request for Attorney's Fees and Expenses. (Doc. 202). Ohio Casualty Insurance Company ("Ohio Casualty") has filed a response. (Doc. 203). Union Pacific has filed a reply to the response. (Doc. 204). Ohio Casualty has filed a sur-reply. (Doc. 205). The Court finds the matter ripe for consideration.

## BACKGROUND

This case began as a diversity-based insurance coverage dispute that arose out of a fatal automobile collision at a railroad crossing in Lafayette County, Arkansas. Ohio Casualty filed this action seeking a declaratory judgment that it had no duty to defend Union Pacific in litigation

commenced as a result of the collision. The Court granted summary judgment in favor of Ohio Casualty (Doc. 187), but this decision was reversed by the Eighth Circuit Court of Appeals. (Doc. 198). The case was remanded back to the Court to enter judgment in favor of Union Pacific. At the time Union Pacific filed its Motion for Entry of Judgment and Request for Attorney's Fees, the judgment in favor of Union Pacific as mandated by the Eighth Circuit had not yet been entered. Union Pacific requests that the Court vacate its prior judgment in favor of Ohio Casualty and enter a judgment in favor of Union Pacific. Union Pacific further asks this Court to award it attorney's fees pursuant to Arkansas Code Annotated section 16-22-308. Ark. Code Ann. § 16-22-308 (Repl. 1999).

## **DISCUSSION**

The Court will grant Union Pacific's request that the Court vacate its prior judgment in favor of Ohio Casualty and enter a judgment in favor of Union Pacific as mandated by the Eighth Circuit Court of Appeals. (Doc. 198). An entry of judgment will be entered simultaneously with this order.

Moving now to the issue of attorney's fees, Arkansas Code Annotated section 16-22-308 addresses attorney's fees in certain civil actions and provides in pertinent part as follows:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

Union Pacific asserts that it is the prevailing party in a civil action involving a "contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services," and, thus, it should be awarded reasonable attorney's fees and expenses in this matter.

Attorney's fees are not awarded unless expressly provided for by statute or rule. *Village Market, Inc. v. State Farm General Ins. Co.*, 334 Ark. 227, 229, 975 S.W.2d 86, 86 (1998). Arkansas Code Annotated section 16-22-308 states that a prevailing party in a contract suit "may be allowed a reasonable attorney's fee to be assessed by the court." An award of attorney's fees under section 16-22-308 is proper only when the action is based primarily in contract. *Nationsbanc Mortgage Corp. v. Al Hopkins*, 82 Ark. App. 91, 105, 114 S.W.3d 757, 766 (2003). Under section 16-22-308, an award of attorney's fees is not mandatory and the Court has discretion whether to award fees and in what amount. *Angelo Iafrate Construction, LLC v. Potashnick Construction*, 370 F.3d 715 (8th Cir. 2004).

Here, the Court finds that the present action is not one that is based primarily in contract. This matter's true nature is an action for declaratory relief under 28 United States Code section 2201 to have the Court analyze Ohio Casualty's obligations to Union Pacific under an insurance policy. The Court also notes that Arkansas Code Annotated section 16-22-308 is a general statute that never mentions insurance policies and never expressly provides attorney's fees for insureds. *Village Market*, 334 Ark. at 229, 97 S.W.2d at 87. Similarly, the Court is unaware of any authority supporting an award of attorney's fees under section 16-22-308 in cases involving insurance coverage disputes. Thus, the Court finds that the present case is not a proper case for an award of attorney's fees under section 16-22-308. Even if this were the proper case for an award of attorney's fees under that statute, given the nature of this lawsuit, the Court is not inclined to award attorney's fees to Union Pacific on its assertion that it is entitled to these fees simply because it prevailed in this action. *See Angelo Iafrate Construction*, 730 F.3d at 723 (holding that the district court did not abuse its discretion when it failed to award attorney's fees

to a party who argued that it was entitled to these fees simply because it prevailed and believed that the opposing party should never have brought the lawsuit).

## CONCLUSION

Upon consideration, the Court finds that Union Pacific's Motion for Entry of Judgment and Request for Attorney's Fees and Expenses should be **GRANTED IN PART** and **DENIED IN PART**. Union Pacific's request for an entry of judgment is **GRANTED**. The Court will vacate its September 21, 2005 judgment in favor of Ohio Casualty and will enter a judgment in favor Union Pacific as directed by the Eighth Circuit Court of Appeals. Union Pacific's request for attorney's fees and expenses is **DENIED** for the reasons stated above.

IT IS SO ORDERED, this 18th day of February, 2009.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge